UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL S. OWL FEATHER-GORBEY, #33405-013, | |
| Plaintiff, | CIVIL ACTION NO. 4:21-cv-00131 |
| v. | (SAPORITO, M.J.) |
| JOE BIDEN, et al., | |
| Defendants. | |

## MEMORANDUM

This matter comes before the court on two *pro se* motions by the plaintiff, Michael S. Owl Feather-Gorbey. The first is a motion for leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 6.) The second, styled as a "Motion for Leave to Add Additional Arguments & New Evidence to Support Imminent Danger," which we liberally construe a motion for leave to supplement the complaint. (Doc. 10; *see also* Doc. 11.) *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). For the reasons stated herein, we will grant the motion to supplement, deny the motion for leave to proceed IFP, and

order the plaintiff to pay the applicable filing and administrative fees in full or face summary dismissal of this action.

I. **BACKGROUND**

On December 21, 2020, the United States District Court for the Western District of Pennsylvania received a *pro se* complaint signed and dated by the plaintiff on November 26, 2020. (Doc. 5.) The complaint names various federal and state officials and agencies as defendants. It alleges the defendants' participation in a fraudulent scheme to "steal" the 2020 United States presidential election. Together with the complaint, the plaintiff submitted his motion for leave to proceed IFP in this action.

At the time, the plaintiff was a D.C. offender incarcerated at USP Lewisburg, a federal prison located in Union County, Pennsylvania. On December 21, 2020, the Western District found improper venue and ordered the case transferred to this federal judicial district, which encompasses the place of the plaintiff's incarceration at that time.[1] (Doc. 3.) On January 25, 2021, the case was electronically transferred from the Western District to this court. (Doc. 4.)

---

[1] The plaintiff was subsequently transferred from USP Lewisburg to FCI Beckley, a federal prison located in West Virginia.

This plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g) because he has previously brought three or more federal actions or appeals that were dismissed as frivolous, as malicious, or for failure to state a claim. *See Owl Feather-Gorbey v. Spaulding*, Civil No. 3:20-cv-1457, 2020 WL 6787493, at *1 (M.D. Pa. Nov. 17, 2020) ("Gorbey is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g)."). "Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310–11 (3d Cir. 2001) (en banc)).

## II. Discussion

The plaintiff is barred from proceeding without prepayment of fees unless he was "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). "The Act provides a limited exception to [the three strikes] rule when a prisoner is in 'imminent danger of serious physical injury,' which serves as a 'safety valve' to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481 (E.D. Pa. 2013). Allegations of imminent danger must be evaluated in accordance with the liberal pleading

standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations. *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998). Moreover, "a prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect." *Ball v. Famiglio*, 726 F.3d 448, 470 (3d Cir. 2013) (internal quotation marks and alterations omitted), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). "When considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." *Brown*, 977 F. Supp. 2d at 483 (citing *Famiglio*, 726 F.3d at 468).

In his original complaint, which solely concerns election fraud, Gorbey has alleged no physical danger whatsoever. (*See* Doc. 5.) In his brief in support of his motion for leave to supplement the complaint, Gorbey has alleged that, following his transfer to FCI Beckley, he has been confronted by Hispanic gang members who purportedly explained that *they*—not prison officials—run FCI Beckley. (*See* Doc. 11.) These new allegations, however, are far too vague and speculative to demonstrate an imminent danger of serious physical injury. *See Clark v.*

*Morgan*, No. 2:15-CV-10994, 2015 WL 1541890, at *2 (E.D. Mich. Apr. 7, 2015); *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008). But even if we assume these allegations to be true, the purported threat is entirely unrelated to the claims of election fraud articulated in the plaintiff's complaint. *See Judd v. Fed. Election Comm'n*, 311 Fed. App'x 730, 731 (5th Cir. 2009) (per curiam).

### III. CONCLUSION

Based on the foregoing, the plaintiff's motion for leave to supplement the complaint (Doc. 10) shall be granted, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6) shall be denied, and the plaintiff shall be ordered to pay the applicable filing and administrative fees in full within thirty days of the accompanying order or dismissal of this action will be recommended.

An appropriate order follows.

Dated: February 25, 2021

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge